Curia, per

Butler, J.
I shall not dispute the general proposition, that where a definite period is fixed for the possession of land by a tenant or. vendee, notice to quit need notbe given to entitle the landlord or vendor, to bring ejectment. Where the parties, by their own contract, limit and designate the terms of the possession,, in general, they will be bound by them ; and one that holds over after such understanding, mutually recognized, would be a trespasser, because he would be holding the land against the consent of the owner. There can be no trespass, unless it be an act done against the consent of the owner of property. One that goes into possession under a legal title, and holds over by the consent and acquiescence of the landlord, is a tenant at sufferance, and not a trespasser, who occupies an adversary position to his landlord. Whether the contract under which the defendant entered in this case, was forfeited, absolutely, on the 20th of January, 1842, or on the 1st of January, 1843, when all the money was to be paid, we will not now undertake to determine. The inclination of the law is to give instruments such an operation as to avoid forfeiture, if possible. For the purpose of deciding this case, we may assume that the contract was forfeitable at the earliest day, to wit, the 20th January, 1842; and that on that day the plaintiff had a right to enter and resume the possession of the land. It was competent for him, however, to waive the forfeiture, and to suffer, by his consent, the defendant to continue on the land for the year; or to recognize the continuance of the contract, that is, to look to the defendant for the payment of his note, instead of taking the land:
In conscience he ought not to keep the note and the land too. The fact was not disputed, but that plaintiff kept the notes; and it was a fact, asserted at the trial. *294 though not noticed in the report, and one that is unquestionable now, that the plaintiff sued to judgment the first note that was due January, 1842. Now, suppose he had received payment on that note, and had suffered the defendant to go on, in the year 1843, to plant and make a crop, as he had done the year previous, would not such acts and acquiescence shew that plaintiff recognized the possession from year to year! and could he, under such circumstances, have brought an action in the fall of the year, 1843, to evict the defendant!
In the fall of 1842, the plaintiff had not acquiesced so long, nor had he done so many acts of recognition, but he had suffered the defendant to remain eight months, improving and ^cultivating the land, without manifesting any disposition to rescind the contract; and, in the meantime, sued him on his first note; shewing that he had waived the forfeiture, and was acting on a continuing contract. Under such circumstances, the jury were well warranted in the conclusion that the possession of defendant was rightful, and not tortious. He was properly regarded as the recognized tenant for one year at least. As was said by Lord Mansfield, in the case of Right vs. Darbey, 1 T. R. 162, if there be a lease for one year, and, by consent of both parties, the tenant continues in possession, the law implies a tacit renovation of the contract. So, in this case, the acts of both parties shew that the defendant was to hold the possession for the year. We think, therefore, the motion for a new trial should be refused.
Q’Neall, Evans and Wardlaw, JJ., concurred.
Richardson, J., absent.